UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

E-FILED
Wednesday, 12 April, 2006   02:11:11 PM
Clerk, U.S. District Court, ILCD

Mandamus
Ricky Johnson K72327
             Plaintiff,

vs.

Lt. James M Carothers Et-Al
Adjustment Committee Chairman
             Defendant(s)

APR 12 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

No. 06-1094
(Supplied by Clerk)

PETITION AND AFFIDAVIT FOR LEAVE TO PROCEED
WITHOUT PREPAYMENT OF FEES AND COSTS

I, Ricky Johnson, plaintiff, move the court for leave to proceed without prepayment of fees and costs in the above action. I declare under penalty of perjury that the following facts are true:

1. I am the party initiating this action and I believe I am entitled to redress.

2. I am unable to prepay the fees and costs of this proceeding, or to give security, because of proverty.

3. I am (check one)   Single ✓   Married ___   Separated ___   Divorced ___

4. My responses to the following questions are true:

A. Are you presently employed in any capacity including a paying position while incarcerated as an inmate in a correctional center? Yes ( ) No (✓)

B. If so, by whom, what is your position, and what is your pay?

_____

_____

C. If not, when were you last employed and what was your pay? This includes prior inmate positions?

I worked in the Dietary 9/03 And I was Payed $15.00 A month

D. Have you received money from any other source, including judgments, in the last 6 months? Yes (✓) No ( ) If yes, describe each source and state how much you received.

From my mom for Christmas $50.00

E. If you are presently incarcerated, how much money do you have in your institutional trust fund account? Negative balance

F. If withdrawals were made from your institutional trust fund account during the past 6 months, please explain when, how much, and the purpose for which funds were used.

Commissary 1-4-06 $43.00, legal copies $1.20 Medical Copayment (IDOC) $2.00 For Stomach Illness. And $2.00 For Religious tithes Y.N.C.A (Yahweh's New Covenant Assembly)

G. How much money do you have in private checking or savings accounts?

None, I Never had either.

H. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property, including audio visual equipment such as T.V.s, stereos, etc. (except for ordinary household furniture and clothing)? Yes (✓) No ( )

if yes, describe the property and its approximate value:

I have A television set I bought in menard $213.40 April 13th 2001 And A fan I Bought in Western cc $15.00

I. Do you have any debts or obligations? Yes (✓) No ( )

If yes, list the amount owed, to whom, and any current payments that you are making.

I dont know how much but Its A couple of dollars to I.D.O.C For medical Copayment And legal mail.

J. List your dependents, state your relationship to them, and state how much you contribute to their support each month. Also, state how long you have contributed to that support and other means by which your dependents receive support.

My mom thats all, When she can

K. Estimate the total amount of income or support that your dependents receive per month on the average, excluding your contributiions to them.

I Don't know She doesn't have A Job!!

I declare under penalty of perjury and fine that the foregoing is true and correct and that I have a continuing duty to advise the court of any changes in my financial position as stated above.

SIGNATURE

4-5-06
DATE

2

## CERTIFICATE

(TO BE COMPLETED FOR PRISONERS ONLY. THIS IS A STATEMENT BY THE PRISON AND NOT THE PRISONER.)

I hereby certify that the plaintiff or petitioner in this action has the sum of $ -3.52 in his trust account at the correctional center where he is confined. I further certify that the plaintiff or petitioner has the following securites to his credit according to the records of this institution:

_____
_____
_____
_____

*Janet Jones*
(Authorized Officer)

*Pontiac Corr. Center*
(Institution)

*Acct Clerk II*
(Title)

DATE 4/6/06

**IMPORTANT:**
THIS CERTIFICATE MUST BE ACCOMPANIED BY A COPY OF A SIX-MONTH LEDGER OF THE PLAINTIFF'S TRUST FUND ACCOUNT.



RECEIVED APR - 6 2006 PCC TRUST OFFICE

3

*Johnson K77377*

Date: 4/7/2006
1:06-cv-01094-HAB-JAG    # 1    Page 4 of 9
Time: 9:03am
d_list_inmate_trans_statement_composite

Hill Correctional Center
Trust Fund
Inmate Transaction Statement

Page 1

REPORT CRITERIA - Date: 09/22/2005 thru 04/07/2006;   Inmate: K77377;   Active Status Only ? : No;   Print Restrictions ? : Yes;   Transaction Type: All Transaction Types;   Print Furloughs / Restitutions ? : Yes;   Include Inmate Totals ? : Yes;   Print Balance Errors Only ? : No

**Inmate: K77377 Johnson, Ricky**  **Housing Unit: HIL-S -01-27**  **Transferred**

| Date | Source | Transaction Type | Batch | Reference # | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|
| | | | | | **Beginning Balance:** | | **19.80** |
| 09/22/05 | Mail Room | 01 MO/Checks (Not Held) | 265225 | P1054000 | Brown, Linda | 30.00 | 49.80 |
| 10/13/05 | Point of Sale | 60 Commissary | 286724 | 347551 | Commissary | -47.20 | 2.60 |
| 10/14/05 | Payroll | 20 Payroll Adjustment | 287125 | | P/R month of 09/2005 | 10.00 | 12.60 |
| 11/10/05 | Point of Sale | 60 Commissary | 314705 | 349853 | Commissary | -12.45 | .15 |
| 11/10/05 | Payroll | 20 Payroll Adjustment | 314163 | | P/R month of 10/2005 | 10.00 | 10.15 |
| 11/21/05 | Point of Sale | 60 Commissary | 325705 | 350958 | Commissary | -9.92 | .23 |
| 12/09/05 | Payroll | 20 Payroll Adjustment | 343125 | | P/R month of 11/2005 | 10.00 | 10.23 |
| 12/15/05 | Mail Room | 01 MO/Checks (Not Held) | 349257 | P1072119 | Brown, Linda | 50.00 | 60.23 |
| 12/21/05 | Point of Sale | 60 Commissary | 355722 | 353446 | Commissary | -14.87 | 45.36 |
| 01/04/06 | Point of Sale | 60 Commissary | 004724 | 354708 | Commissary | -43.52 | 1.84 |
| 01/13/06 | Payroll | 20 Payroll Adjustment | 013125 | | P/R month of 12/2005 | 10.00 | 11.84 |
| 01/18/06 | Point of Sale | 60 Commissary | 018722 | 355613 | Commissary | -7.73 | 4.11 |
| 01/26/06 | Disbursements | 90 Medical Co-Pay | 026363 | Chk #88533 | 1/25, DOC: 523 Fund Reimbursem, Inv. Date: 01/25/2006 | -2.00 | 2.11 |
| 01/26/06 | Disbursements | 88 Donation | 026363 | Chk #88592 | 1/26, Yahweh's New Covenant As, Inv. Date: 01/26/2006 | -2.00 | .11 |
| 02/14/06 | Payroll | 20 Payroll Adjustment | 045125 | | P/R month of 01/2006 | 2.72 | 2.83 |
| 02/23/06 | Disbursements | 99 Transfer Inmate | 054326 | Chk #88831 | Pontiac CC,   Inv. Date: 02/23/2006 | -.73 | 2.10 |
| 02/23/06 | Disbursements | 84 Library | 054326 | Chk #88866 | 1/27, IDOC Central IBF,   Inv. Date: 01/27/2006 | -2.10 | -.00 |

| | |
|---|---|
| **Total Inmate Funds:** | .00 |
| **Less Funds Held For Orders:** | .00 |
| **Less Funds Restricted:** | .00 |
| **Funds Available:** | .00 |
| **Total Furloughs:** | .00 |
| **Total Voluntary Restitutions:** | .00 |

Date: 4/6/2006
Time: 8:45am
d_list_inmate_trans_statement_composite

1:06-cv-01094-HAB-JAG    # 1    Page 5 of 5

Pontiac Correctional Center
Trust Fund
Inmate Transaction Statement

Page 1

REPORT CRITERIA - Date: 10/06/2005 thru End;   Inmate: K77377;   Active Status Only ? : No;   Print Restrictions ? : Yes;   Transaction Type: All Transaction Types;   Print Furloughs / Restitutions ? : Yes;   Include Inmate Totals ? : Yes;   Print Balance Errors Only ? : No

**Inmate:** K77377 Johnson, Ricky                **Housing Unit:** PON-N -03-33

| Date | Source | Transaction Type | Batch | Reference # | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|
| | | | | | Beginning Balance: | | 0.00 |
| 02/28/06 | Mail Room | 04 Intake and Transfers In | 059262 | 88831 | Hill C.C. | .73 | .73 |
| 03/14/06 | Disbursements | 81 Legal Postage | 073320 | Chk #58493 | 463081, Pitney Bowes Bank, Inc, Inv. Date: 03/13/2006 | -.39 | .34 |

|  |  |
|---|---|
| Total Inmate Funds: | .34 |
| Less Funds Held For Orders: | .00 |
| Less Funds Restricted: | 3.86 |
| Funds Available: | -3.52 |
| Total Furloughs: | .00 |
| Total Voluntary Restitutions: | .00 |

**RESTRICTIONS**

| Invoice Date | Invoice Number | Type | Description | Vendor | Amount |
|---|---|---|---|---|---|
| 03/08/2006 | 462691 | Disb | Legal Postage | 6967 Pitney Bowes Bank, Inc. | $0.87 |
| 03/14/2006 | 463334 | Disb | Legal Postage | 6967 Pitney Bowes Bank, Inc. | $0.39 |
| 03/27/2006 | 464713 | Disb | Legal Postage | 6967 Pitney Bowes Bank, Inc. | $0.87 |
| 04/03/2006 | 465564 | Disb | Legal Postage | 6967 Pitney Bowes Bank, Inc. | $0.63 |
| 04/05/2006 | 466014 | Disb | Library | 2 DOC: 523 Fund Library | $1.10 |
| | | | | **Total Restrictions:** | **$3.86** |

IN THE CIRCUIT COURT OF **Livingston** COUNTY, ILLINOIS
THE COURT FOR THE **Eleventh** JUDICIAL CIRCUIT
LAW DIVISION

**Ricky Johnson ID# K-77877**
Plaintiff,

vs

**James M. Carothers Et. Al**
Defendant.
**Adjustment Committee, Hill C.C.**

No. **06-1094**

## LEAVE TO FILE PETITION OF MANDAMUS

NOW COMES Plaintiff, **Ricky Johnson K-77877**, pro se, in order to give notice to the Court for leave to file a PETITION OF MANDAMUS pursuant to Code of Civil Procedure 735 ILCS 5/14-101 et. seq., directed to the above named Defendants. In support thereof, Plaintiff states as follows:

1. Leave to file PETITION OF MANDAMUS is an original action before the Court.

2. Plaintiff presents for review issues of law pertaining to him while incarcerated at **Hill** Correctional Center, **Galesburg**, Illinois, **Knox** County.

3. Plaintiff contends that the issues to be presented are concerning his right to **Due Process of law, under 14th Ammd. U.S. Const.**

4. Plaintiff alleges in the petition that **Adjustment committee officials at hill CC proceeded in hearing I.D.R # 200600203/2-Hil without him being present.**

5. Plaintiff's petition seeks to compel the Defendant to **Dismiss I D.R # 200600203/2-Hil because per Departmental Rule And Administrative Code # 504.80 (F) I have a Right to Adress Charges.**

6. Plaintiff hereby incorporates by reference all grounds and allegations stated in the PETITION OF MANDAMUS, a copy of which is attached hereto.

7. WHEREFORE, plaintiff prays this Court to grant him leave to file a PETITION OF MANDAMUS.

Respectfully submitted,

*Ricky Johnson*
Plaintiff, pro se, ID# Number **K-77377**
P.O. Box **99**
**Pontiac** Corr Ctr, **Pontiac, IL 61764**

Revised Jan 2002

IN THE CIRCUIT COURT OF <u>Livingston</u> COUNTY, ILLINOIS
THE COURT FOR THE <u>Eleventh</u> JUDICIAL CIRCUIT
LAW DIVISION

<u>Ricky Johnson K-72377</u> )
     Plaintiff, )
   vs        )    No. _____
Lt.            )
<u>James M. Carothers Et, AL</u> )
     Defendant.
<u>Adjustment Committee hill c.c.</u>

### PETITION OF MANDAMUS

NOW COMES Plaintiff, <u>Ricky Johnson K-72377</u> pro se, in order to give notice to the Court for leave to file a PETITION OF MANDAMUS pursuant to Code of Civil Procedure 735 ILCS 5/14-101 et. seq. directed to the above named Defendant.

IN SUPPORT THEREOF, Plaintiff states as follows:

1. Plaintiff is currently incarcerated at <u>Pontiac</u> Correctional Center, <u>Pontiac</u>, Illinois, <u>Livingston</u> County. Plaintiff is serving a sentence of <u>20</u> years for the charge of <u>Home Invasion Agg. Batt SC</u>.

2. Defendant, <u>Lt. James M. Carothers</u>, is the <u>Violater</u> and as such is responsible for <u>Violating Plaintiff's Due Process Right under the 14th Amndt. of U.S. Const. by Proceeding to hear An I.D.R. without Calling him to hear Charges</u>.

3. Plaintiff brings this PETITION OF MANDAMUS before the Court pursuant to Code of Civil Procedure 735 ILCS 5/14-101 et. seq.

4. The plaintiff has requested that the defendants perform specific ministerial duties. The defendants have refused to perform such duties regardless of plaintiff's clear entitlement to performance of the specific duties which are set forth as follows:
<u>Adhere to Departmental Rule And Administrative Code 504.80(F) As well as 504.80(F) Section (2) (Interview of Plaintiff's Wittness) Plaintiff's Wittness was never Called because Plaintiff never Appeared before Adj. Comm. 1-17-06</u>

5. As a result of Defendant's actions, Plaintiff will suffer irreparable damages and be subjected to <u>3 months Segregation, 3 months grade reduction, good Conduct credit Revokation 3 month, Transfer disciplinary.</u>

Revised Jan 2002

6. WHEREFORE, Plaintiff prays the Court will grant any such relief as the Court deems just and necessary by ruling Defendant's actions of ~~[redacted]~~ <u>Immoral Standards And Blatant Civil Right Depravity</u>.

7. WHEREFORE, plaintiff further prays the Court will issue an ORDER OF MANDAMUS compelling Defendant to:

(a) <u>Nullify the hearing of 1-17-06 At hill C.C. And Restore grade, GCC And Seg time.</u>

(b) <u>Have the correct hearing Proceedure</u>

(c) To grant plaintiff leave to file brief in support of PETITION OF MANDAMUS.

(d) To grant such other relief as the Court deems just necessary.

Respectfully submitted,

*/s/ Ricky Johnson*
Plaintiff, pro se

STATE OF ILLINOIS
COUNTY OF <u>Livingston</u>

AFFIDAVIT

I, <u>Ricky Johnson</u>, deposes and says that as to the petition herein, he/she is the plaintiff in the above entitled cause; that he/she has read the foregoing document, by his/her signed, and that the statements contained therein are true in substance and in fact.

s/s */s/ Ricky Johnson*
Plaintiff, pro se

Revised Jan 2002

IN THE
Pontiac
Correctional Center

Ricky Johnson )
Plaintiff, )
)
) Case No. _____
Lt. v. )
)
James M. Carother Et. Al )
Defendant Adjustment Committee Hill CC

## PROOF/CERTIFICATE OF SERVICE

TO: Lisa Madigan          TO: _____
500 So Second St          _____
Springfield, IL           _____
62706                     _____

PLEASE TAKE NOTICE that on ___April___, 20_06_, I have placed the documents listed below in the institutional mail at _Pontiac_ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: _Mandamus, Request for leave to file as a poor person, And Affidavit etc._

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 4/5/06

/s/ Ricky Johns
NAME: Ricky Johnson
IDOC#: K-77377
_Pontiac_ Correctional Center
P.O. BOX 99
_Pontiac_, IL 61764

Revised Jan 2002

STATE OF ILLINOIS    )
                     )SS
COUNTY OF livingston )

## AFFIDAVIT

I, Ricky Johnson do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts:

On 2/10/06 while in segregation cell #21 of Hill Correctional Center, I Recieved A Summary Judgment in the mail From Hill C.C. Adjustment Committee. This Summary Stated that I Appeared before Adjustment Committee Chairman James M. Carothers And Kerry J. Mitchell on 1-17-06. Discipline was handed Down by officials in the form of: 3 months C'grade, 3 months segregation, 3 Months GCC, Sgt Revoke And transfer Disciplinary. I Contend that this Document is falsified. My 14th Ammendment Right to "Due Process of law under the US Constitution" has been violated. Per Departmental Rule And Administrative Code 504.80 (F) Section (a), I Maintain the right to Appear And address the charges Alleged Against me, And have my witnesses called. Adjustment Committee officials Abriged my 14 Amend. Right by Not calling me to hear the charges Alleged Against me, Hence the enclosed Petition for writ of Mandamus. I Contend A grievance has been written on this issue And grievance officer says "No Procedural Due Process Violation found" Thank you.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 5 day of April, 2006.

_____
Affiant

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

*EX. A-1* *@ PON*

*Note date:* ✓

| Name: JOHNSON, RICKY | IDOC Number: K77377 | Race: BLK |
|---|---|---|
| Hearing Date/Time: 1/16/06  09:00 AM | Living Unit: PON-N-01-05 | Orientation Status: N/A |
| Incident Number: 200600131/2 - HIL | Status: Final | |

*I Never heard A ticket 1-17-06*

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 1/9/06 | 200600131/1-HIL | ROZENICH, JOHN | R4 HOUSE, WING B | 01:20 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 102 | Assaulting Any Person - Staff<br>Comments: struck C/O's arm | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| No Witness Requested | | | |

## RECORD OF PROCEEDINGS
Inmate pled not guilty states he never did it he was stopped by c/o Rozenich and he never made contact with c/o Rozenich elbow when he said officer above was removing the key from the cell door.

## BASIS FOR DECISION
Committee finds inmate guilty due to:
* The reporting officer witnessed inmate Johnson run into his right arm as he was attempting to remove the cell door master key from the lock of cell R4-B-28.
* The reporting officer witnessed inmate Johnson become combative as he was being escorted off the wing.
* Ots verified that inmate Johnson was assigned to R4-B-28 at the time of the incident.
* The reporting officer positively identified inmate Johnson by his Inmate I.D. card.

## DISCIPLINARY ACTION  (Consecutive to any priors)

| RECOMMENDED | FINAL |
|---|---|
| 4 Months C Grade | 4 Months C Grade |
| 4 Months Segregation | 4 Months Segregation |
| Revoke GCC or SGT 4 Months | Revoke GCC or SGT 4 Months |
| Transfer (Disciplinary) | Transfer (Disciplinary) |
| 6 Months Contact Visits Restriction | 6 Months Contact Visits Restriction |

**Basis for Discipline:** Nature of the offense

### Signatures
**Hearing Committee**

| | Signature | Date | Race |
|---|---|---|---|
| CAROTHERS, JAMES M  - Chair Person | Lt. Carothers | 01/16/06 | WHI |
| PAYNE, ANTHONY C - *(Kerry J. Mitchell)* | *[signature]* 9379 | 01/16/06 | BLK |

*Not Present*

Recommended Action Approved

**Final Comments:** N/A

*This is the only ticket I heard*

RECEIVED MAR - 7 2006 PONTIAC CORR CENTER RECORD OFFICE

*Summary From 1-17-06 of ticket 200600203/2-Hil Falsified*

Run Date: 3/1/06 12:50:29         Page 1 of 2

# STATE OF ILLINOIS – DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

**Name:** JOHNSON, RICKY     **IDOC Number:** K77377     **Race:** BLK
**Hearing Date/Time:** 1/16/06  09:00 AM     **Living Unit:** PON-N-01-05     **Orientation Status:** N/A
**Incident Number:** 200600131/2 - HIL     **Status:** Final

---

FRANK L SHAW / SBW  2/28/06         *Frank Shaw*     02/28/06
**Chief Administrative Officer**        Signature     Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

_____     3/2/06  3:00 PM
**Employee Serving Copy to Committed Person**     **When Served -- Date and Time**



RECEIVED
MAR - 7 2006
PONTIAC ??? CENTER
RECORD OFFICE

**Run Date:** 3/1/06 12:50:29     Page 2 of 2

S-20    Page 1 of 1

State of Illinois -- Department of Corrections
**DISCIPLINARY REPORT**

☒ Disciplinary Report: 1/9/06    ☐ Investigative Report: _____ Date

Committed Person: JOHNSON    No. K77377    Facility: Hill C.C.

Observation Date: 1/9/06    Time: APP 120 am/pm    Location: R4 B Wing Cell 28

Rozenich 10498
PRINT Employee's Name             T.R. / 1/9/06 / APP 120 p
                                  Employee's Signature/Date/Time

Offense: 504 B/C 102 Assaulting Any Person.

Observation: On the above date + time this C/O was Keying in I/m Johnson into cell B-28 to retrieve his coat, before this C/O could pull the Key out of the lock I/m Johnson ran into this C/O's Right arm. I/m Johnson then said that this C/O hit I/m in the stomach. This C/O told I/m Johnson that he was pushing his luck. I/m Johnson was then escorted off the wing by this C/O + Sgt. Fredrickson because I/m was being combative. Lt. Hornbaker then cuffed I/m Johnson in the foyer and walked him to Seg. E.O.R
See incident report written. Positively ID'd by ID CARD.

Witnesses, if any: _____

NOTE: Use continuation page if necessary to describe observation and/or list witnesses.

☐ Temporary Confinement   ☐ Investigative Status   Reasons: _____

PRINT Name    Shift Supervisor's Signature and Date
              (For Community Correctional Centers, Chief Adm. Off.)

☐ Confinement Reviewed by Reviewing Officer    Comment: _____

PRINT Name    Signature/Date

☒ MAJOR, submitted to Adjustment Committee    ☐ MINOR, submitted to Program Unit
S Neil
PRINT Name    1/9/06  Reviewing Officer's Signature and Date

☒ Reviewed by Hearing Investigator: D. Hahn    1/10/06
(Adult Division Major Reports Only)  PRINT Name    Signature and Date

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS
You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

Committed Person's Signature and Number    ☐ Committed Person Refused to Sign
S.G. Ns 9723
PRINT Serving Employee's Name    Serving Employee's Signature    Date and Time Served
                                                                 1-9-6
                                                                 PONTIAC CORR CENTER
                                                                 RECORD OFFICE

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____
                                 Committed Person's Signature and Number

--- (DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING) ---

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____ Date

NAME OF WITNESS: _____    Number/Cell/Title: _____
Witness can testify to: _____

NAME OF WITNESS: _____    Number/Cell/Title: _____
Witness can testify to: _____

DC 7205 (Rev. 4/86)    Distribution: 1) Master File; 2) Committed Person;    Committed Person's Name and Number
IL 426-0361                          3) Facility; 4) Facility

# ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| | | |
|---|---|---|
| Date: 2-20-06 | Committed Person: Ricky Johnson (Please Print) | ID#: K77377 |
| Present Facility: Hill C.C. | Facility where grievance issue occurred: Hill C.C. | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☒ Other (specify): Adj. Comm Proceedure

☐ Disciplinary Report: ___/___/___
    Date of Report    Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
- Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
- Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
- Chief Administrative Officer, only if EMERGENCY grievance.
- Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** Grievant Inmate Ricky Johnson K-77377 contends that he recieved a Summary Judgment in the Institutional mail on 2-10-06 at Hill CC while in segregation cell #21. The above mentioned Summary was from an Inmate disciplinary Report he recieved 1/9/06, written by C/O Sgt. M. Fredrickson for the following charges alleged: 206, Intimidation or threats; 304 Insolence; 105, dangerous Disturbances, 403 Disobeying A Direct order; 102 Assaulting any person (staff), 107 Sexual Misconduct. Grievant Johnson contends that he is

**Relief Requested:** _____

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____  _____  ___/___/___
Committed Person's Signature   ID#   Date

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

Date Received: ___/___/___    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: _____

_____  _____  ___/___/___
Print Counselor's Name   Counselor's Signature   Date of Response

### EMERGENCY REVIEW

Date Received: ___/___/___    Is this determined to be of an emergency nature?
- ☐ Yes; expedite emergency grievance
- ☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____  ___/___/___
Chief Administrative Officer's Signature   Date

Distribution: Master File; Committed Person     Page 1     DOC 0046 (Eff.10/2001)
(Replaces DC 5657)
Printed on Recycled Paper

filing this Inmate Grievance Pursuant to Departmental Rule And Administrative Code 504.810 (Grievance Proceedure). Grievant Alledges that the Adjustment Committee of hill C.C. is in Direct Violation of Administrative code 504.80 (F) section (2) which states: "Any offender Charged with the Violation of any rule shall have the Right to Appear before the Adjustment committee." Grievant Contends that his 14th Ammendment Right to due Process of law, was Also Abriged by officials on the Adjustment committee. Namely C/O Lt. James M. Carothers whom serves as the Chairman of the committee. Grievant Contends that Luetenant James M. Carothers is the Chief facilitator in the Violation of Grievants Due Process Right And Violation of Administrative code 504.80 (F) section (2) Being that he is the Chairman of the committee. Grievant Contends that he was given no official notice of waiver, Grievant Signed no waiver stating that he didn't want to Appear to hear the charges Alleged Against him. Grievant Was Found Guilty Of 3 Of the Beforementioned 7 Charges Alleged Against him by Lt. James M. Carothers And Kerry J. Mitchell. Grievant holds no ILL will towards officials And Would like to have the Proceedings Redone. With his Presence and him being Present. Grievant Contends that he is Petitioning for log records And the Camera Directly Above his Cell to be reviewed by Internal Affairs officials to Prove that on 1-17-06 Grievant Never left his Cell And was not taken out of his cell At all to Appear And hear the charges of 1-9-06 At the Committee of 1-17-06. Finally, Grievants Filed A second grievance on this issue to where the grievance officer states that "N/o due process Violation Found". Grievant Sent counselor Johnston A Copy of the falsified Summary document And That grievance And document was not returned.

E.O.R
B.Shelom

Westlaw.

730 ILCS 5/3-8-7

Page 1

Formerly cited as IL ST CH 38 ¶ 1003-8-7

*WEST'S SMITH-HURD ILLINOIS COMPILED STATUTES ANNOTATED*
CHAPTER 730. CORRECTIONS
ACT 5. UNIFIED CODE OF CORRECTIONS
CHAPTER III. DEPARTMENT OF CORRECTIONS
ARTICLE 8. ADULT INSTITUTIONAL PROCEDURES
➙5/3-8-7. Disciplinary Procedures

§ 3-8-7. Disciplinary Procedures.

(a) All disciplinary action shall be consistent with this Chapter. Rules of behavior and conduct, the penalties for violation thereof, and the disciplinary procedure by which such penalties may be imposed shall be available to committed persons.

(b)(1) Corporal punishment and disciplinary restrictions on diet, medical or sanitary facilities, mail or access to legal materials are prohibited.

(2) (Blank).

(3) (Blank).

(c) Review of disciplinary action imposed under this Section shall be provided by means of the grievance procedure under Section 3-8-8. The Department shall provide a disciplined person with a review of his or her disciplinary action in a timely manner as required by law.

(d) All institutions and facilities of the Adult Division shall establish, subject to the approval of the Director, procedures for hearing disciplinary cases except those that may involve the imposition of disciplinary segregation and isolation; the loss of good time credit under Section 3-6-3 or eligibility to earn good time credit.

(e) In disciplinary cases which may involve the imposition of disciplinary segregation and isolation, the loss of good time credit or eligibility to earn good time credit, the Director shall establish disciplinary procedures consistent with the following principles:

(1) Any person or persons who initiate a disciplinary charge against a person shall not determine the disposition of the charge. The Director may establish one or more disciplinary boards to hear and determine charges.

(2) Any committed person charged with a violation of Department rules of behavior shall be given notice of the charge including a statement of the misconduct alleged and of the rules this conduct is alleged to violate.

(3) Any person charged with a violation of rules is entitled to a hearing on that charge at which time he shall have an opportunity to appear before and address the person or persons deciding the charge.

(4) The person or persons determining the disposition of the charge may also summon to testify any witnesses or

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

---

730 ILCS 5/3-8-7

Page 2

other persons with relevant knowledge of the incident.

(5) If the charge is sustained, the person charged is entitled to a written statement of the decision by the persons determining the disposition of the charge which shall include the basis for the decision and the disciplinary action, if any, to be imposed.

(6) (Blank).

VALIDITY

<The Illinois Appellate Court, Fourth District, held that P.A. 89-688 violated the single-subject rule of the Illinois Constitution in the case of People v. Foster, App. 4 Dist. 2000, 316 Ill.App.3d 855, 737 N.E.2d 1125, 250 Ill.Dec. 148. P.A. 93-272 reenacted this section to remove any question as to its validity. See notes, post.>

Current through P.A. 94-727 of the 2006 Reg. Sess.

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.