UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICKY JOHNSON,
  Plaintiff,

vs.                                       No. 06-1094, 06-1118

JAMES CAROTHERS, et.al.
  Defendant

## ORDER

These causes are before the court for case management. The pro se filer, a state prisoner, has submitted two documents entitled "Petition of Mandamus" on April 12, 2006 and on May 5, 2006. Each document has been assigned a case number. (*See Johnson v Carothers,* 06 cv 1094 and *Johnson v Carothers* 06-1118). However, in each case, the plaintiff is alleging that prison officials violated his constitutional right to due process during hearings on disciplinary tickets. The plaintiff says he was not allowed to attend the hearings even though the record reflects his presence, and he states that he was not allowed to call witnesses. The plaintiff is asking for the results of the hearings to be thrown out and prison officials to hold new hearings.

The court finds that the plaintiff has not filed a petition of mandamus, but a complaint pursuant to 42 U.S.C.§1983. Therefore, this cause is before the court for a merit review of the plaintiff's two complaints. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaints, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A . The plaintiff participated in the merit review hearing by video conference call.

The plaintiff states that he has filed grievances concerning both claims, and appealed those grievances to the Administrative Review Board in May of 2006. However, the plaintiff says he has not yet received a response for the board. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

1

The plaintiff must allow the board a reasonable amount of time to provide a response. The court finds the plaintiff has not exhausted his administrative remedies, and therefore the court must dismiss both cases.

The plaintiff is advised that if he wishes to re-file these claims, he should use a standard §1983 complaint form.  He also could include both claims in one lawsuit.

**IT IS THEREFORE ORDERED that:**

**1) Case No. 06-1094 and Case No. 06-1118 are dismissed in their entirety for failure to exhaust administrative remedies.   The clerk is directed to file this order in both cases.**

**2) All pending motions are denied as moot in both cases.**

**3) The plaintiff must still pay the full docketing fee of $350.00 in each case, even though his cases have been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in each case.  The filing fee collected shall not exceed the statutory filing fee of $350.00 in Case No. 06-1094 and shall not exceed $350.00 in case No. 06-1118.**

**4) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this __9th____ day of June, 2006.


                                        s\Harold A. Baker
                          _____
                                      HAROLD A. BAKER
                              UNITED STATES DISTRICT JUDGE